**FILED**

OCT _ 5 2011

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CASTRO,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBERT BOWMAN, et al.,<br><br>    Defendants. | No. C 11-02080 JW (PR)<br><br>ORDER OF SERVICE |

On April 26, 2011, Plaintiff, a state prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against officials at Salinas Valley State Prison ("SVSP") and Matthew Cates, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff's motion for leave to proceed in forma pauperis (Docket No. 7) will be granted in a separate written order.

## DISCUSSION

A.    Standard of Review

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any

Order of Service

cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Eighth Amendment Claims

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by prison guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

Deliberate indifference to serious medical needs also violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin, 974 F.2d at 1059.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104). A prison employee is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825,

Order of Service

2

1  837 (1994).

2      Plaintiff alleges that defendants acted with deliberate indifference to his serious
3  medical needs, i.e. a lower back injury which occurred on July 16, 2007. Doc. #1 at 6.
4  Plaintiff also alleges that he had a court appearance on July 25, 2007, and that during
5  transportation from the prison to the courthouse, defendants "subjected [plaintiff] to
6  torture." Id. at 9. Plaintiff has exhausted his administrative remedies. Id. at Exh. B.
7  Liberally construed, plaintiff's claims are cognizable as violations of his Eighth
8  Amendment rights against cruel and unusual punishment which protects plaintiff
9  against: 1) deliberate indifference to serious medical needs and 2) the use of excessive
10 force.

12 C.   Proper Defendants

13     Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if
14 the plaintiff can show that the defendant proximately caused the deprivation of a
15 federally-protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988);
16 Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives
17 another of a constitutional right within the meaning of Section 1983 if he does an
18 affirmative act, participates in another's affirmative act or omits to perform an act
19 which he is legally required to do, that causes the deprivation of which the plaintiff
20 complains. See Leer, 844 F.2d at 633. It is well-established, however, that there is no
21 respondeat superior liability under Section 1983, i.e., there is no liability simply because
22 one is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d
23 1040, 1045 (9th Cir. 1989) (liability may be imposed on a supervisor if he participated in or
24 directed the violations of his subordinates, or knew of the violations and failed to act to prevent
25 them).

26     The plaintiff must "set forth specific facts as to each individual defendant's"
27 deprivation of his protected rights; sweeping conclusory allegations will not suffice.
28 Leer, 844 F.2d at 634. Even at the pleading stage, "[a] plaintiff must allege facts, not

Order of Service

3

simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Although the federal rules require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

In his complaint, plaintiff makes allegations regarding specific actions by defendants Dr. Bowman, J. Spaulding, J. Cruz, J. Lover Brodersen, Sgt. Washington, Sgt. Knuckles, G. Jimenez, Gonzales, and M. Castro which allegedly violated his Eighth Amendment rights. Doc. #1 at 7-11. Liberally construed, the claims against defendants Dr. Bowman, J. Spaulding, J. Cruz, J. Lover Brodersen, Sgt. Washington, Sgt. Knuckles, G. Jimenez, Gonzales, and M. Castro are cognizable under Section 1983.

However, plaintiff's complaint contains no specific allegations that defendants Anthony Hedgpeth, Captain G. Ponder, J. D. Bennett, R. Boccella, Sergeant Sullivan, Correctional Officer K. Bell, Correctional Officer Blanco, and Correctional Officer Chavez proximately caused deprivation of his constitutional rights. Plaintiff makes a general allegation that his rights were violated by the failure of "all supervisors, including the Secretary of Corrections; Warden; Captain; Lieutenants, and Sergeants, to properly train and or supervise their underlings." Id. at 11. But plaintiff does not allege that these defendants participated in or directed the violations of their subordinates. Nor does plaintiff allege that these particular defendants knew of the violations and failed to act to prevent them. These defendants cannot be liable under Section 1983 for the actions or omissions of their subordinates simply because they have supervisory authority over their subordinates. There is no respondeat superior liability under Section 1983. Accordingly, defendants Anthony Hedgpeth, Captain G. Ponder, J. D. Bennett, R. Boccella, Sergeant Sullivan, Correctional Officer K. Bell, Correctional Officer Blanco, and Correctional Officer Chavez are DISMISSED from this action.

//

//

Order of Service

4

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint, (Docket No. 1), all attachments thereto, and a copy of this order upon **defendants Dr. Bowman, J. Spaulding, J. Cruz, J. Lover Brodersen, Sgt. Washington, Sgt. Knuckles, G. Jimenez, Gonzales, and M. Castro** at **Salinas Valley State Prison** (P.O. Box 1020, Soledad, CA 93960-1020).

Defendants Anthony Hedgpeth, Captain G. Ponder, J. D. Bennett, R. Boccella, Sergeant Sullivan, Correctional Officer K. Bell, Correctional Officer Blanco, and Correctional Officer Chavez are DISMISSED from this action. The Clerk shall terminate these defendants from this action.

2. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for

Order of Service

5

> summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil

Order of Service

6

Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: October 5, 2011

JAMES WARE
United States District Chief Judge

G:\PRO-SE\VRW-----JW REASSIGNMENTS 2011\CR-11\02080Castro_order of service.wpd

Order of Service
7