1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUIS CASTRO,

        Plaintiff,

    v.

MATTHEW CATE, et al.,

        Defendants.

_____/

No. C 11-2080 YGR (PR)

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS;**

**ORDER DIRECTING DEFENDANTS TO FILE A SUMMARY JUDGMENT MOTION OR NOTICE REGARDING SUCH MOTION**

**INTRODUCTION**

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Defendants' motion to dismiss plaintiff's excessive force claims is GRANTED. The remaining claims survive the motion to dismiss, and defendants are directed to file a summary judgment motion or notice regarding such motion regarding such claims on or before March 1, 2013, unless an extension is granted. **The Court further directs that defendants are to adhere to the new notice provisions regarding the filing of a motion for summary judgment.**

**DISCUSSION**

Plaintiff claims that defendants, employees of Salinas Valley State Prison and the California Department of Corrections, (1) provided constitutionally inadequate medical care in violation of the Eighth Amendment, and, in an unrelated incident, (2) used excessive force against him in violation of his Eighth Amendment rights.  Defendants' motion to dismiss on grounds that the claims are unrelated (Docket No. 32) is GRANTED in part.  Plaintiff's excessive force claims are DISMISSED without prejudice because they are unrelated to the medical indifference claim.  *See* Fed. R. Civ. P. 18 & 20.   If plaintiff seeks relief on the dismissed claims, he may file a separate civil rights action.  All defendants, except for Dr. Robert Bowman, are hereby TERMINATED from this action.

The medical indifference claims against Dr. Bowman survive.  Defendants' motion to dismiss such claims for failure to exhaust is DENIED.  Plaintiff has shown evidence in his opposition that his grievance was sufficiently detailed to alert the prison as to "the nature of the wrong for which redress is sought."  *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (citing *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

Accordingly, on or before March 1, 2013, defendants shall file a motion for summary judgment with respect to these claims.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

A recent decision from the Ninth Circuit requires that *pro se* prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012). **<u>Defendants shall provide the following notice to plaintiff when they file and serve any</u>**

United States District Court
For the Northern District of California

**motion for summary judgment:**

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

**United States District Court**
For the Northern District of California

No. C 11-2080 YGR (PR)
ORDER RE: MOTION TO DISMISS

**United States District Court**
For the Northern District of California

1    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

2  informed of any change of address and must comply with the court's orders in a timely

3  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

4  pursuant to Federal Rule of Civil Procedure 41(b).

5    Extensions of time must be filed no later than the deadline sought to be extended and

6  must be accompanied by a showing of good cause.

7    The Clerk shall terminate all defendants, with the exception of Dr. Bowman, and

8  terminate Docket No. 32.

9    **IT IS SO ORDERED**.

10  DATED:   January 10, 2013 _____

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

No. C 11-2080 YGR (PR)
ORDER RE:  MOTION TO DISMISS